# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE FRANKLIN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-2228** |
| **TOM HASSEL TRANSPORT, INC., ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 6). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This personal injury suit arises out of a motor vehicle accident that occurred on May 15, 2018 in Orleans Parish. The accident was between Plaintiff Wayne Franklin Sr. and Defendant Nathaniel McDaniel. At the time of the accident, Defendant McDaniel was allegedly acting within the course and scope of his employment with Defendant Tom Hassel Transport, Inc., which is insured by Defendant National Interstate Insurance Company ("National").

On March 10, 2019, Defendant National removed Plaintiff's suit to this Court on diversity grounds. On April 9, 2019, Plaintiff filed the instant Motion

to Remand arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.[1] Defendants oppose.[2]

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[3] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[4] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[5] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[6] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[7]

## **LAW AND ANALYSIS**

Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[8] Here, the parties agree that complete diversity exists; they disagree about whether the amount in controversy requirement has been met.

---

[1] Doc. 6.
[2] Doc. 7.
[3] 28 U.S.C. § 1441.
[4] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[5] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723.
[6] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[7] 28 U.S.C. § 1447(c).
[8] *See* 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267(1806)).

"Generally, the amount of damages sought in [a plaintiff's state court] petition constitutes the amount in controversy, so long as the pleading was made in good faith."[9] Here, Plaintiff's petition does not seek a specific sum of damages. That's because Louisiana law prohibits plaintiffs in personal injury suits from alleging a "specific monetary amount of damages."[10] Accordingly, Plaintiff's petition alleges generalized damages for past, present and future pain and suffering, medical expenses, lost wages, and any other damages which may be proven at trial.[11]

In cases where a plaintiff does not plead a specific amount of monetary damages, there are two ways a defendant can show that the amount in controversy has been met. Under the first, a defendant need only point to the petition itself if it is "facially apparent" that the amount in controversy has been met.[12] If, however, it is not facially apparent from the petition that the amount in controversy has been met, the defendant must produce summary judgment type evidence to show that the amount in controversy is greater than $75,000.[13]

## I. Facially Apparent Standard

It is not "facially apparent" from a Complaint that the amount in controversy is more than $75,000 when a plaintiff's allegations fail to describe a plaintiff's injuries in more than boilerplate terms.[14] "[S]uch allegations alone, unaccompanied by pertinent factual detail, 'simply provide the usual and customary damages set forth by personal injury plaintiffs and do not provide

---

[9] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014) (Brown, J.).
[10] LA. CODE CIV. PROC. 893(A)(1).
[11] Doc. 1-2 at 4.
[12] *Manguno*, 276 F.3d at 723.
[13] *Id.*
[14] Touchet v. Union Oil Co. of California, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.).

the Court with any guidance as to the actual monetary amount of damages the plaintiff has or will incur.'"[15]

Here, Plaintiff's Complaint does not assert any specific injury that would indicate that the amount in controversy has been met.[16] He merely alleges that he suffered "severe and debilitating injuries" as a result of the accident.[17] As such, it is not facially apparent from Plaintiff's Complaint that the amount in controversy is above $75,000.

## II. Summary Judgement Evidence

"[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[18] "An uncertainty or contingency concerning the amount of damages does not satisfy the defendant's burden of proving the amount in controversy."[19]

Here, Defendants have shown that Plaintiff has incurred $15,235 in medical bills.[20] Defendants also point to an MRI report describing how plaintiff suffered annular fissures at lumbar discs at the L3/4 and L4/5 levels.[21] What Defendants have not introduced is any evidence to show that Plaintiff will suffer future damages or a loss in earning capacity. Furthermore, the MRI report reflects mostly minor injuries as a result of the accident in question.[22]

Defendants nevertheless attempt to prove the amount in controversy is more than $75,000 by citing to several decisions from Louisiana state courts

---

[15] Michael v. Blackhawk Transport, Inc., No. 19-193, 2019 WL 549610, at *2 (E.D. La. Feb. 12, 2019) (Africk, J.) (quoting Maze v. Protective Ins. Co., No. 16-15424, 2017 WL 164420, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.)).
[16] *See* Doc. 1-2 at 4.
[17] *Id.* 2.
[18] Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).
[19] Ingram v. Global Hawk Ins. Co., No. 14-CV-0777, 2014 WL 2739459, at *4 (E.D. La. June 17, 2014) (Berrigan, J.).
[20] Doc. 1-5 at 2-3.
[21] *Id.*
[22] *Id.* at 7.

where other plaintiffs have been awarded damages over $75,000 for allegedly similar injuries. This is insufficient to establish subject matter jurisdiction.[23] These damages are highly individualized awards that are decided after a trial on the merits.[24] A defendant must show more than that a plaintiff *could* recover more than the jurisdictional amount.[25]

Defendants also raise two other arguments in an attempt to show that the amount in controversy is above $75,000. Defendants first point to Plaintiff's belated response to a request that Plaintiff admit the amount in controversy is above $75,000. As an initial matter, the Fifth Circuit has established that "[l]itigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent."[26] Another section of this Court has held that a "plaintiff's failure to answer a request for admission" is insufficient to "support this Court's subject matter jurisdiction alone because it represents another form of the parties consent to jurisdiction which is not allowed."[27]

This Court recognizes that a failure to timely respond to a request for admissions results in the statement being deemed "admitted" under Louisiana law.[28] Such admissions, however, are only one factor a court may consider when determining whether the amount in controversy is sufficient to support

---

[23] *See* Betemps v. Dolgencorp, No. 19-17647, 2017 WL 3327980, at *3 (E.D. La. 2017) (Brown, J.) (remanding where the defendant did not submit any evidence of future medical treatments anticipated at the time of removal or any evidence regarding the value of plaintiff's other requests for damages, such as loss of enjoyment of life, mental anguish and anxiety, and loss of earnings).

[24] *Id.* at *3.

[25] *See* De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995).

[26] Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 802 (5th Cir. 2011).

[27] Jones v. AAA Club Family Ins. Co., No. 07-6988, 2007 WL 4365443, at *1 (E. D. La. Dec. 10, 2007) (Berrigan, J.); *see Ingram*, 2014 WL 2739459, at *4–5 (holding that plaintiff's equivocal response to the defendant's request for admission was insufficient to establish that the amount in controversy requirement was met).

[28] *See* LA. C.C.P. art. 1467.

federal jurisdiction.[29] Here, Plaintiff belatedly denied Defendants' request for an admission that the amount in controversy is above $75,000.[30] Such a belated denial is sufficient to create ambiguity regarding the amount in controversy.

Defendant nevertheless cites to *Gayden v. Winn-Dixie Montgomery, Inc.* for the proposition that a failure to respond to a request for admissions results in the plaintiff admitting that the amount in controversy has been met, making removal proper.[31] The issue in *Gayden*, however, was not whether the amount in controversy had been met, but whether removal was timely.[32] Because the Court did not engage in a detailed analysis regarding the amount in controversy, it is unclear how heavily the Court relied on the plaintiff's failure to timely respond to a request for admissions in determining that the amount in controversy was above $75,000. Thus, the Court does not find *Gayden* helpful for determining the issue at hand.

In another effort to show that Plaintiff has effectively waived subject matter jurisdiction in this case, Defendants point to Plaintiff's refusal to stipulate that the amount in controversy is less than $75,000.[33] But a "[p]laintiff's failure to file such a stipulation (or otherwise admit that the amount in controversy is lower than the jurisdictional minimum) does not alleviate defendants' burden of proof."[34] "[F]ailure to stipulate is only one factor in determining whether a defendant has met his burden, and it alone will not defeat a plaintiff's motion to remand."[35]

---

[29] *See Ingram*, 2014 WL 2739459, at *4-5.
[30] Doc. 1-5 at 4.
[31] No. 13-6232, 2014 WL 433503 (E.D. La. Feb. 4, 2014) (Vance, J.).
[32] *Id.* at *3.
[33] Doc. 1 at 6.
[34] *Ingram*, 2014 WL 2739459, at *5.
[35] Carbajal v. Caskids Oil Operating Co., No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 28, 2006) (Africk, J.).

All told, Defendant has produced little evidence regarding Plaintiff's injuries and potential damages. Defendant's focus on Plaintiff's untimely response to a request for admissions and Plaintiff's refusal to stipulate are insufficient to overcome this dearth of evidence. Accordingly, Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, this Court lacks subject matter jurisdiction, and it must remand the case to state court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and the case is **REMANDED** to state court.

New Orleans, Louisiana this 2nd day of July, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**